IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| TIFFANY PERKET<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUDREY GENE KECK, and CCRI, INC., dba HAVEN SPA POOL & HEARTH,<br><br>　　　　Defendants. | Case No. 3:21-cv-00251-AC<br><br>**ORDER** |

John D. Ostrander and William A. Drew, Elliot Ostrander Preston, PC, 707 SW Washington Street, Suite 1500, Portland, OR 97205. Attorneys for Plaintiff.

Andrew D. Glascock, Glascock Street Waxler LLP, 6915 S Macadam Ave. Suite 300, Portland, OR 97219; Jonathan W. Monson, Michael G. McClory, and Nicole A.W. Abercrombie, Cable Huston LLP, 1455 SW Broadway, Suite 1500, Portland, OR 97201. Attorneys for Defendants.

**IMMERGUT, District Judge.**

　　On August 3, 2021, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R"), ECF 24, recommending that this Court deny Plaintiff Tiffany Perket's Motion to Remand, ECF 8, grant Defendants Audrey Gene Keck ("Keck") and Haven Spa Pool & Hearth's ("Haven") request to sever, ECF 13, ECF 17, and grant Defendant Keck's request that this Court

PAGE 1 – ORDER

retain jurisdiction over the severed claim, ECF 17. Plaintiff timely filed objections to the F&R, ECF 27, and Defendant Haven filed a response to those objections, ECF 28.

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## CONCLUSION

This Court has reviewed de novo the portions of Judge Acosta's F&R, ECF 24, to which Plaintiff objected. This Court adopts Judge Acosta's F&R in full. Plaintiff's Motion to Remand, ECF 8, is DENIED, Defendants' request to sever, ECF 13, ECF 17, is GRANTED, and Defendant Keck's request for this Court to retain jurisdiction over the severed claim, ECF 17, is GRANTED.

Consistent with the F&R, this Court directs the clerk to sever the claims asserted by Plaintiff against Defendant Haven from the claim asserted by Plaintiff against Defendant Keck. Defendant Haven shall remain the sole defendant in Case No. 3:21-cv-00251-AC. This Court directs the clerk to open a separate civil action by Plaintiff against Defendant Keck, assign the

new case to Judge Acosta, and file a copy of the Complaint in the new case along with a copy of this F&R. This Court directs Plaintiff to file amended complaints in both this action and the new action alleging claims against only the sole defendant in each case within thirty days of the date of the Order.

**IT IS SO ORDERED**.

DATED this 15th day of September, 2021.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge